MILTON HERMAN, PLAINTIFF-RESPONDENT, v. AMICOS MOST, AS EXECUTOR AND TRUSTEE OF, AND UNDER THE LAST WILL AND TESTAMENT OF BUCALY L. MOST, DECEASED, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided January 9, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Robinson & Morris* (*David Robinson,* of counsel).

For the defendant-appellant, *Kunzman & Kunzman* (*Irving Kunzman,* of counsel).

The opinion of the court was delivered by

PORTER, J. The respondent sued on a contract for the sale of premises located in Morris county and recovered a judgment from which this appeal is taken.

The amended complaint alleges that a written contract was made by the parties dated July 2d, 1938, for the sale of the

premises by the appellant to the respondent for $450 of which $200 was paid. That the contract in effect provided that the title was to be marketable but in fact was not because to make it so the will of Bucaly L. Most should have been probated in this state or that ancillary letters of administration should have been taken out in this state, neither of which was done. That certain expense was incurred for title search and legal fees. That the sale was made subject to approval of the probate court and failing that the deposit was to be returned which, upon demand, was refused.

It appeared that the contract of July 2d, 1938, was in the form of a receipt for the deposit and contained but a short and informal contract. It was signed by the appellant only. On July 21st, 1938, a full and formal contract was executed by both parties expressing in detail the terms and conditions of the sale. There was also a letter from the appellant to the respondent dated September 13th, 1938, stating that application would be made to the New York Surrogate's Court for permission to sell the property. The contract of July 21st contained no reference to any probate court's order or permission to sell but did provide that if the title was found not to be marketable the money paid on account was to be returned to the purchaser in which event the obligation of both parties under the contract would be at an end.

The trial court admitted into evidence, over objection, the contract of July 21st and the letter of September 13th and decided the case on the theory that the construction of the contract was a question of fact to be gathered from the several writings mentioned and the oral evidence adduced at the trial. The conclusion reached was that the appellant was obliged to secure the approval of the probate court to the sale and failure to do so constituted a breach for which judgment was awarded to respondent for the amount paid on account of the purchase price, $200, search fee of $75, and interest of $20, a total of $295.

The nub of the controversy, it seems to us, is whether there was marketable title or not. The contract between the parties so provided. That of July 21st, contained the full and complete agreement and we think superseded the informal con-

tract of July 2d. *Cf. Curtis Warner Corp.* v. *Thirkettle,* 99 *N. J. Eq.* 806; *affirmed,* 101 *Id.* 279; *Dieckman* v. *Walser,* 114 *Id.* 382. Nor did the letter of September 13th alter or enlarge the contract obligation. That simply told what steps were being taken to insure the giving of a marketable title.

The appellant counter-claimed for the balance of the unpaid purchase price based on the allegation that a deed conveying marketable title had been tendered in accordance with the terms of the contract.

The court did not decide the issue of the marketability of the title. The omission to do so was error. An amended complaint may be filed to meet these views.

The question of title not having been determined the judgment under review is reversed and a *venire de novo* awarded in order that it may be; costs to abide the event.